1
2
3
4
5
6 **UNITED STATES DISTRICT COURT**
7 EASTERN DISTRICT OF CALIFORNIA
8
9 BILAL AHDOM,                        CASE NO. 1:11-cv-01730-GBC (PC)

10                                     ORDER DENYING MOTION TO
    Plaintiff,                        RECONSIDER ORDER DENYING MOTION
11                                     TO PLACE CASE UNDER SEAL

12 v.                                  Docs. 5, 9

13 MATTHEW CATE, et al.,              ORDER DENYING MOTION FOR
                                     PRELIMINARY INJUNCTION
14
                                     Doc. 4
15   Defendants.
                                     ORDER DISMISSING COMPLAINT, WITH
16                                     LEAVE TO AMEND, FOR FAILURE TO
                                     STATE A CLAIM UPON WHICH RELIEF
17                                     MAY BE GRANTED

18                                     Doc. 1

19                                   / THIRTY-DAY DEADLINE

20

21                            **Screening Order**

22          **I. Procedural History, Screening Requirement, and Standard**

23          On October 17, 2011, Plaintiff Bilal Ahdom ("Plaintiff"), a state prisoner proceeding pro se

24 and in forma pauperis, filed this civil rights action filed this civil rights action pursuant to 42 U.S.C.

25 § 1983. Doc. 1.

26          The Court is required to screen complaints brought by prisoners seeking relief against a

27 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

28 Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint

In Plaintiff's complaint, he names Defendants Matthew Cate, Secretary for California Department of Corrections and Rehabilitation ("CDCR"); and K. Allison, Warden at Corcoran Substance Abuse Treatment Facility ("CSATF"). Compl. at 1-5, Doc. 1.

Plaintiff is housed within the Sensitive Needs Yard ("SNY") at CSATF. *Id.* at 5. Plaintiff states that the CDCR has deliberately allowed "gang" members to exist and operate within the SNY. *Id.* (quotations in original). Plaintiff states that he is suffering an ongoing constant threat of violence by the "PC Gang." *Id.* Plaintiff has been assaulted at Pleasant Valley State Prison, Salinas Valley State Prison, Kern Valley State Prison, and CSATF. *Id.* Plaintiff has been assaulted by staff due to staff disseminating information to other staff that Plaintiff is a "snitch" and "child molester." *Id.* (quotations in original). In April 2011, Plaintiff was subjected to a threat of assault by C/O Longoria. *Id.* at 6. On June 30, 2011, Plaintiff was approached by C/O Longoria who told Plaintiff he received word from C/O Torres that Plaintiff likes to snitch on correctional officers; that Plaintiff was a child molester; and that he should dump Plaintiff out of his wheelchair. *Id.* After this encounter, Plaintiff did not go to receive his evening meal for three days. *Id.* Plaintiff has requested "PC" status but has only been assigned to the SNY. *Id.* The SNY is infested with "PC Gang" members, i.e., "Two-Fivers," "3-Flowers," "Independent Riders," "Northern Riders" etc. *Id.*

Defendant Cate was aware of the "gang" problem with the SNY and was deliberately indifferent to the health and safety of Plaintiff. *Id.* at 5. Defendant Cate had knowledge of the complained conditions and failed to order an investigation of "PC gangs." *Id.* at 8. Defendant Cate is failing to comply with Cal. Code Regs. tit. 15, § 3341.5 (placement in protective housing if inmate is not documented as a member or an affiliate of a prison gang).

Defendant Allison was aware of the "gang" problem with the SNY, was aware of Plaintiff's complaints, and was deliberately indifferent to the health and safety of Plaintiff. *Id.* The CDCR has failed to protect Plaintiff and inmates within SNY. *Id.* at 7.

Plaintiff seeks a injunctive relief and damages. *Id.* at 4.

//

//

### III. Legal Standard and Analysis for Plaintiff's Claims

### A. Eighth Amendment Failure to Protect

### 1. Legal Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. *E.g.*, *Farmer*, 511 U.S. at 847; *Hearns*, 413 F.3d at 1040.

Regarding the deliberate indifference prong of this analysis, a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.* This requires examination of the subjective intent of the defendant; that the prison official defendant acted with a "sufficiently culpable state of mind" and deliberate indifference to an inmate's health or safety. *See id.* at 834. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Allegations in a pro se complaint sufficient to raise an inference that the named prison officials acted with deliberate indifference—i.e, that they knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it—states a "failure-to-protect" claim. *Hearns*, 413 F.3d at 1041–42.

Plaintiff's "R" suffix, in of itself, did not pose a substantial risk of serious harm because there is no reason to believe, in the abstract, that the "R" suffix would ever be revealed. *Thomas v. Sheppard-Brooks*, 2011 WL 3917943 *6 (E.D. Cal. Sept. 6, 2011). *See e.g., Riddle v. Mondragon*,

83 F.3d 1197, 1205–06 (10th Cir. 1996) (prisoners' general fear that their sex offense convictions might be discovered and that they might be attacked because of it was, without more, insufficient to demonstrate a substantial risk of serious harm within the meaning of the Eighth Amendment). "With respect to a claim based on a failure to protect Plaintiff from harm, a generalized fear of attack by other prisoners who learn of Plaintiff's 'R' suffix classification does not rise to the level of a constitutional violation." *Sims v. Woodford*, 2009 WL 3824359 *7 (E.D. Cal. Nov. 13, 2009). Assigning an inmate an "R" suffix does not amount to a constitutional violation for failure to protect. *See Farmer*, 511 U.S. at 837-45.

## 2. Analysis

Plaintiff's complaint does not demonstrate that Defendants disregarded a substantial risk to Plaintiff's safety. Plaintiff makes vague speculations that gangs exist within the SNY, but he does not make any specific factual allegations. Moreover, he does not make any specific allegations as to being in danger from the alleged gangs. Plaintiff makes a vague statement that he has been injured, but he does not allege any facts as to the incident and the parties involved. "Plaintiff's failure to protect claim is based on nothing but his own speculation, and "this court has refused to find a genuine issue where the only evidence presented is uncorroborated and self-serving testimony. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). Plaintiff's calculated harassment allegations simply do not rise to the level of an Eighth Amendment violation. *See Hope v. Pelzer*, 536 U.S. 730, 737–38 (2002)." *See Trujillo v. Tally*, 2011 WL 6122583, No. 09-35192 (9th Cir. Dec. 9, 2011).

Although Plaintiff alleges that he was in danger of being assaulted, his fears were speculative. The only basis for the belief that he was in danger was that he came from the same region as a gang with which he had no other connection. This allegation does not rise to the level of substantial risk that the Eighth Amendment requires. As a result, Plaintiff fails to meet the first component, as set out in *Farmer*, necessary to establish a failure to protect claim under the Eighth Amendment. Nevertheless, even if Plaintiff were able to establish the objective component, he fails to satisfy the second component. "The second requirement follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. "To

1   violate the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently
2   culpable state of mind.' In prison-conditions cases, that state of mind is one of 'deliberate
3   indifference' to inmate health or safety...." *Id.* Plaintiff failed to allege deliberate indifference.
4   *Contreras v. Collins*, 50 Fed. Appx. 351 (9th Cir. 2002).

5        *See, e.g., Williams v. Wood*, 223 Fed. Appx. 670, at *1 (9th Cir. 2007) (failure to protect
6   claim properly dismissed where plaintiff did not allege he had been assaulted or threatened by other
7   inmates "and his speculative and generalized fears of harm at the hands of other prisoners do not rise
8   to a sufficiently substantial risk of serious harm to his future health.") (citing *Farmer*, 511 U.S. at
9   843); *Morgan v. MacDonald*, 41 F.3d 1291, 1293-94 (9th Cir. 1994) (rejecting Eighth Amendment
10  claim where inmate labeled a snitch had not been retaliated against).

11       Plaintiff's complaint does not demonstrate that Defendants disregarded a substantial risk to
12  Plaintiff's safety. Plaintiff's vague allegations that he may be attacked by a group of inmates is
13  insufficient to establish that Defendants knew Plaintiff faced a substantial risk of serious harm and
14  disregarded the risk by failing to take reasonable measures. Thus, Plaintiff's vague and speculative
15  allegations regarding the "gangs" in the SNY fail to state a claim for failure to protect.

16       Moreover, Plaintiff's allegations that C/O Longoria threatened him is also insufficient to state
17  a claim under the Eighth Amendment. Mere verbal harassment or abuse alone is not sufficient to
18  state a claim under § 1983, *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987), and threats
19  do not rise to the level of a constitutional violation, *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987).

20       Plaintiff also seeks to impose liability under the Eighth Amendment on individuals related
21  to the inmate appeals process including Defendants Matthew Cate, Secretary for California
22  Department of Corrections and Rehabilitation and K. Allison, Warden at Corcoran Substance Abuse
23  Treatment Facility. Generally, denying a prisoner's administrative appeal does not cause or
24  contribute to the underlying violation. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). The mere
25  possibility of misconduct is insufficient to support a claim, *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572
26  F.3d at 969, and there is inadequate factual support for a claim that in denying his inmate appeals,
27  Defendants knew of and disregarded a substantial risk of harm to Plaintiff. *Farmer*, 511 U.S. at 837.
28  Nevertheless, because prison administrators cannot willfully turn a blind eye to constitutional

violations being committed by subordinates, there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983. *Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir. 2006). There are no facts to show that Defendants willfully turned a "blind eye" to constitutional violations. *Jett*, 439 F.3d at 1098.

Plaintiff's claims against Defendant Matthew Cate, Secretary of the Department of Corrections and Rehabilitation, is even further attenuated as Defendant did not personally deny his appeals. A decision by a defendant's designee provides no basis for a claim as § 1983 does not permit *respondeat superior* liability. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones*, 297 F.3d at 934.

Therefore, Plaintiff fails to state a cognizable claim against Defendants based upon Eighth Amendment failure to protect.

### B. Supervisory Liability and Linkage

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; *Ewing*, 588 F.3d at 1235; *Jones*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08; *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Simply naming Matthew Cate, Secretary for California Department of Corrections and Rehabilitation and K. Allison, Warden at Corcoran Substance Abuse Treatment Facility, as

1   defendants is insufficient to hold them liable based on a position of authority as Plaintiff has not

2   alleged any facts linking the defendant to acts or omissions, which suggest that the defendant

3   participated or directed the violations, or knew of the violations and failed to prevent them. *Iqbal*,

4   129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235. Accordingly, the Court finds that Plaintiff fails to

5   state a cognizable claim for relief under § 1983 against Defendants Matthew Cate, Secretary for

6   California Department of Corrections and Rehabilitation and K. Allison, Warden at Corcoran

7   Substance Abuse Treatment Facility, based upon supervisory liability.

### C. Violation of State Prison Rules and Regulations

9   Violations of state prison rules and regulations, without more, do not support any claims

10  under section 1983. *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001); *Sweaney v. Ada County,*

11  *Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997). Only if the events complained of rise to the level of a

12  federal statutory or constitutional violation may Plaintiff pursue them under section 1983. *Patel*, 648

13  F.3d at 971; *Jones*, 297 F.3d at 934. Thus, complaints that prison officials violated state regulations

14  regarding the inmate appeals process or prison disciplinary proceedings, for example, will not

15  support a claim for denial of due process under federal law.

### IV. Motion for Preliminary Injunction

17  Plaintiff filed a motion for a temporary restraining order in conjunction with filing his

18  complaint. Doc. 4. The Court construes this as a motion for preliminary injunction.

19  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on

20  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

21  balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural*

22  *Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive

23  relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the

24  underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.

25  1984).

26  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must

27  have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley*

28  *Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47

(1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general who are not parties to this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93; *Mayfield*, 599 F.3d at 969.

Within this order, the undersigned has dismissed Plaintiff's complaint for failure to state a claim. Plaintiff has not demonstrated any more than a mere suspicion that an attack will occur. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Although prison officials have an obligation to protect inmates from attack by other inmates, *see Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988), Plaintiff failed to demonstrate that the threat of physical or other injury to him is anything more than speculative. *See Goldie's Bookstore, Inc. v. Superior Court of State of Cal.*, 739 F.2d 466, 472 (9th Cir. 1984) ("Speculative injury does not constitute irreparable injury."). *See Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988); *Villegas v. Gomez*, 53 F.3d 341 (9th Cir. 1995). A presently existing actual threat must be shown, although the injury need not be certain to occur. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130-31 (1969); *FDIC v. Garner*, 125 F.3d 1272, 1279-80 (9th Cir. 1997), *cert. denied*, 523 U.S. 1020 (1998); *Caribbean Marine Servs. Co.*, 844 F.2d at 674.

Therefore, Plaintiff has not met the requirements for a preliminary injunction. Plaintiff has not demonstrated a likelihood of success on the merits of his action. *Winter*, 555 U.S. at 20. Plaintiff's complaint was dismissed for failure to state a claim, and there is no operative pleading in this action at this time. Additionally, Plaintiff has not demonstrated irreparable harm due to the vagueness of his claims.

//

## V. Rule 60(b) Motion for Reconsideration

Plaintiff appeals the Court's order denying his motion requesting that the complaint and all documents associated with the action be filed under seal. Docs. 5, 9.

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. *Id.* Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Filings in cases such as this are a matter of public record absent compelling justification. *United States v. Stoterau*, 524 F.3d 988, 1012 (9th Cir. 2008). While the complaint in this action concerned safety issues, Plaintiff's allegations were general and non-specific, and no gangs or individual inmates were identified by name. Moreover, as evidenced from the director's level decision and other grievance documents attached to Plaintiff's complaint, the substance of Plaintiff's concern regarding the prison gangs in general was brought to the attention of prison officials through the grievance procedure.

In Plaintiff's motion to reconsider, he simply restates his prior arguments and does not present newly discovered evidence, clear error, or an intervening change in the law. Thus, the Court

denies Plaintiff's motion to reconsider this Court's order denying the motion to place the case under seal.

### VI. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555.

Finally, an amended complaint supersedes the prior complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (reference to original and first amended complaints was precluded by doctrine that an amended pleading supersedes the original pleading). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

//
//
//
//
//
//
//
//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Court's order denying the motion to seal case is DENIED;

2. Plaintiff's motion for preliminary injunction, filed October 17, 2011, is DENIED;

3. Plaintiff's complaint is DISMISSED for failure to state a claim upon which relief may be granted;

4. The Clerk's Office shall send Plaintiff a complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a **first amended complaint**; and

6. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    May 29, 2012

_____
UNITED STATES MAGISTRATE JUDGE