# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>                    Plaintiff,<br><br>        v.<br><br>MATTHEW CATE AND K. ALLISON,<br><br>                    Defendants.<br>_____/ | CASE NO. 1:11-cv-01730-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RETURN ORIGINAL COMPLAINT AND EXHIBITS<br><br>ORDER DENYING PLAINTIFF'S' MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 13 & 15) |

**1.    RETURN OF DOCUMENTS**

Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on October 17, 2011, and Plaintiff filed a first amended complaint on August 23, 2012. (ECF Nos. 1 & 14.) On August 17, 2012, Plaintiff filed a motion for the return of his original complaint and all exhibits filed in this case. (ECF No. 13.) Plaintiff maintains that he needs the exhibits for a future litigation.

The Eastern District of California is an electronic case management/filing district (CM/ECF). Local Rule 133(a). Attorneys must file all documents electronically, with few exceptions. Id. However, pro se litigants generally are not permitted to utilize electronic filing and must instead submit paper filings which are transformed into electronic format by the Clerk. Local Rule 133(b).

The Clerk has custody of all electronic and paper files and records of the court. Local Rule 138(a). The Local Rules prohibit the taking of any file, record, paper, or item belonging to the files of the court from the custody of the Clerk without a special order of the court and a receipt given by the party obtaining it, describing it and the date of its receipt. Id.

Paper filings for a case remain part of the court's official record for a time period which may extend until after the case is closed. Moreover, due to the large volume of cases and documents received at this court, individual requests for return of documents are not granted without a compelling reason. Plaintiff was cautioned in the First Informational Order issued on October 25, 2011, "not to send original exhibits to the court" and "to retain [his] original exhibits and send photocopies to the court." (ECF No. 6 at ¶ 7.) Accordingly, Plaintiff may obtain copies of his court documents, for $ .50 per page, via a written request to the Clerk accompanied by payment for the copies and a self-addressed, stamped envelope.

## 2. MOTION FOR RECONSIDERATION

On October 17, 2011, Plaintiff filed a motion to seal the complaint and all documents associated with the case. (ECF No. 3.) On October 25, 2011, the Court issued an order denying the motion to seal. (ECF No. 5.) On January 23, 2012, Plaintiff filed a motion for reconsideration regarding the sealing of documents. (ECF No. 9.) On May 29, 2012, the Court issued an order denying Plaintiff's motion for reconsideration. (ECF No. 10.) On August 23, 2012, Plaintiff filed a second motion for reconsideration regarding the sealing of documents. (ECF No. 15.)

Federal Rule of Civil Procedure 60(b) governs relief from orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . by an opposing party, . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time. Id. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to

raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marilyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (emphasis in original).

Filings in cases such as this are a matter of public record absent compelling justification. United States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008). While the complaint in this action concerned safety issues, Plaintiff's allegations were general and non-specific, and no gangs or individual inmates were identified by name. Moreover, as evidenced from the director's level decision and other grievance documents attached to Plaintiff's complaint, the substance of Plaintiff's concern regarding the prison gangs in general was brought to the attention of prison officials through the grievance procedure.

In Plaintiff's motion to reconsider, he simply restates his prior arguments and does not present newly discovered evidence, clear error, or an intervening change in the law. Thus, the Court denies Plaintiff's motion to reconsider this Court's order denying the motion to place the case under seal.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for return of his original complaint and exhibits is DENIED.
2. Plaintiff's motion for reconsideration regarding the action being filed under seal is DENIED.

IT IS SO ORDERED.

Dated:   **February 26, 2013**

UNITED STATES MAGISTRATE JUDGE