# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILAL AHDOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MATTHEW CATE, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-01730-SAB (PC)<br><br>SECOND SCREENING ORDER DISMISSING COMPLAINT, WITH PREJUDICE<br><br>(ECF No. 8) |

**I.**

**INTRODUCTION**

　　Plaintiff Bilal Ahdom ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on October 17, 2011.  (ECF No. 1.)  On May 29, 2012, the Court issued a screening order finding that Plaintiff's complaint failed to state a claim and granted Plaintiff leave to amend.  (ECF No. 610)  On August 23, 2012, Plaintiff filed an amended complaint.  (ECF No. 14.)

　　For the reasons set forth below, the Court finds that Plaintiff's amended complaint fails to state any cognizable claims. The Court further finds that the deficiencies in Plaintiff's claims cannot be cured by amendment. Accordingly, the Court dismisses Plaintiff's complaint, with prejudice, for failure to state a claim upon which relief can be granted.

///

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff is currently in custody in California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. The incidents described in Plaintiff's complaint took place

while he was incarcerated in this location. Plaintiff names Matthew Cate, K. Allison, and R. Dean as defendants (collectively referred to as "Defendants").

Plaintiff is housed within the Sensitive Needs Yard ("SNY") at CSATF. Plaintiff alleges that he has been the victim of assault, extortion, and intimidation due to Defendants' failure to enforce their "zero tolerance" policy of gang activity. The gangs in SNY specifically target inmate informants, inmates with sex crimes, and some high notoriety inmates. In or around February 2010 gang members in SNY assaulted Plaintiff and dumped him out of his wheelchair. Shortly after this incident, another gang member, inmate Valdez, assaulted Plaintiff. In mid-2010, inmate Jeremy Nicols, a member of the Low Riders gang, extorted Plaintiff on several occasions.

The purpose of SNY facilities is to provide a safe environment without any gangs or gang activity. Plaintiff alleges that Defendants have failed to enforce their own policy and instead allowed gang members to exist and operate with violence and intimidation on the SNY facilities. Defendants are aware of the gangs within SNY and have refused and failed to correct the problem. Plaintiff further alleges that the gang problem in SNY facilities subjects Plaintiff to conditions that violate the Eight Amendment because the gang issue presents a real likelihood that Plaintiff will again become the victim of assault. Plaintiff alleges that housing gang members with inmates with protective custody status is of itself a violation of the Eighth Amendment.

During this time period, Defendant Cate was the chief administrative officer over the entire CDCR and had the legal authority to remedy any condition that posed a threat to health and safety. Plaintiff alleges that Defendant Cate acted with deliberate indifference towards Plaintiff's safety when he failed to address the gang problem in the SNY facility. Plaintiff put Defendant Cate on notice of these constitutional violations by directly writing to him. Defendant Allison was the Warden of CSATF during this time period. Defendant Allison was aware that Plaintiff complained to correctional staff and to her about the gang problem in the SNY. Plaintiff alleges that Defendant Allison acted with deliberate indifference to Plaintiff's health and safety by failing to enforce the CDCR policy that prohibits gang activity. Defendant Dean was

the Institutional Gang Investigator at this time.  Plaintiff alleges that Defendant Dean was deliberately indifferent to his health and safety because Defendant Dean validated gang members and placed them in the SNY facility.

## IV.

## DISCUSSION

### A.  **Eighth Amendment Failure to Protect Claim**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005).  The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

The Court finds that Plaintiff's allegations are insufficient to state a claim against Defendants for the failure to protect him, in violation of the Eighth Amendment.  Plaintiff's complaint does not demonstrate that Defendants disregarded a substantial risk to Plaintiff's safety.  Plaintiff's vague allegations that he may be attacked by a group of inmates is insufficient to establish that Defendants knew Plaintiff faced a substantial risk of serious harm and disregarded the risk by failing to take reasonable measures. Accordingly, Plaintiff's vague and speculative allegations regarding the gangs in the SNY fail to state a claim for failure to protect, in violation of the Eighth Amendment.

///

**B.     Supervisory Liability**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; Jones, 297 F.3d at 934, and as administrators, Defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation. Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

Defendants Cate, Allison, and Dean were not present for any of the incidents Plaintiff alleges. Plaintiff has failed to allege facts that Defendants participated, directed, or knew of the violations and failed to act to prevent them. Plaintiff does allege that he wrote directly to Defendant Cate to inform him of the danger he faced from gangs in the SNY facility. However, due to the fact that Defendant Cate was Secretary of the entire CDCR, it is not plausible that he ever received notice of Plaintiff's allegations. Iqbal, 556 U.S. at 678-79. Accordingly, Plaintiff

has not stated any claims against Defendants for supervisory liability.

## V.
## CONCLUSION AND ORDER

As set forth above, the Court finds that Plaintiff's amended complaint fails to state any cognizable claims. The Court further finds that Plaintiff's claims are not capable of being cured by granting further leave to amend.  Accordingly,

IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is DISMISSED WITH PREJUDICE;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v. Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011); and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **August 28, 2013**

UNITED STATES MAGISTRATE JUDGE